# Exhibit A

skip to main content

| Print |

# CASE INFORMATION

## CV-21-946389 CARLEE GOLPHIN vs. GRIFOLS USA, LLC, ET AL

## Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 04/28/2021 | N/A | SR | USPS RECEIPT NO. 44164982 DELIVERED BY USPS 04/20/2021 SENITA/JUSTIN/ PROCESSED BY COC 04/28/2021. | |
| 04/21/2021 | N/A | SR | USPS RECEIPT NO. 44164981 DELIVERED BY USPS 04/16/2021 BIOMAT USA, INCORPORATED PROCESSED BY COC 04/21/2021. | |
| 04/21/2021 | N/A | SR | USPS RECEIPT NO. 44164980 DELIVERED BY USPS 04/16/2021 BIOMAT USA, INCORPORATED PROCESSED BY COC 04/21/2021. | |
| 04/21/2021 | N/A | SR | USPS RECEIPT NO. 44164979 DELIVERED BY USPS 04/16/2021 GRIFOLS USA, LLC PROCESSED BY COC 04/21/2021. | |
| 04/21/2021 | N/A | SR | USPS RECEIPT NO. 44164978 DELIVERED BY USPS 04/16/2021 GRIFOLS USA, LLC PROCESSED BY COC 04/21/2021. | |
| 04/14/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/14/2021 | D3 | CS | WRIT FEE | |
| 04/14/2021 | D3 | SR | SUMS COMPLAINT(44164982) SENT BY CERTIFIED MAIL. TO: JUSTIN SENITA 1101 EAST 23RD STREET ERIE, PA 16503 | 📄 |
| 04/14/2021 | D2 | CS | WRIT FEE | |
| 04/14/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/14/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/14/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/14/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 04/14/2021 | D2 | SR | SUMS COMPLAINT(44164981) SENT BY CERTIFIED MAIL. TO: BIOMAT USA, INCORPORATED C/O CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY, SUITE 125 COLUMBUS, OH 43219-0000 | 📄 |
| 04/14/2021 | D2 | CS | WRIT FEE | |
| 04/14/2021 | D2 | SR | SUMS COMPLAINT(44164980) SENT BY CERTIFIED MAIL. TO: BIOMAT USA, INCORPORATED 2840 EAST 116TH STREET CLEVELAND, OH 44120 | 📄 |
| 04/14/2021 | D1 | CS | WRIT FEE | |
| 04/14/2021 | D1 | SR | SUMS COMPLAINT(44164979) SENT BY CERTIFIED MAIL. TO: GRIFOLS USA, LLC C/O CT CORPORAITON SYSTEM 4400 EASTON COMMMONS WAY SUITE 125 COLUMBUS, OH 43219-0000 | 📄 |
| 04/14/2021 | D1 | CS | WRIT FEE | |
| 04/14/2021 | D1 | SR | SUMS COMPLAINT(44164978) SENT BY CERTIFIED MAIL. TO: GRIFOLS USA, LLC 2840 EAST 116TH STREET CLEVELAND, OH 44120 | 📄 |
| 04/14/2021 | N/A | SF | JUDGE KATHLEEN ANN SUTULA ASSIGNED (RANDOM) | |
| 04/14/2021 | P1 | SF | LEGAL RESEARCH | |
| 04/14/2021 | P1 | SF | LEGAL NEWS | |
| 04/14/2021 | P1 | SF | LEGAL AID | |

| 04/14/2021 | P1 | SF | COURT SPECIAL PROJECTS FUND |
| 04/14/2021 | P1 | SF | COMPUTER FEE |
| 04/14/2021 | P1 | SF | CLERK'S FEE |
| 04/14/2021 | P1 | SF | DEPOSIT AMOUNT PAID DANIEL S. DUBOW |
| 04/14/2021 | N/A | SF | CASE FILED: COMPLAINT, SERVICE REQUEST |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

Website Questions or Comments.

Copyright © 2021 PROWARE. All Rights Reserved. 1.1.256



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**April 14, 2021 10:07**

By: DANIEL S. DUBOW 0095530

Confirmation Nbr. 2227923

CARLEE GOLPHIN                                                 CV 21 946389

vs.

GRIFOLS USA, LLC, ET AL                        **Judge:**  KATHLEEN ANN SUTULA

**Pages Filed:**  14

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| CARLEE GOLPHIN<br>5011 Guy Avenue<br>Cleveland, Ohio 44127 | ) )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT** |
| GRIFOLS USA, LLC<br>2840 East 116th Street<br>Cleveland, Ohio 44120 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |

CARLEE GOLPHIN
5011 Guy Avenue
Cleveland, Ohio 44127

     Plaintiff,

    v.

GRIFOLS USA, LLC
2840 East 116th Street
Cleveland, Ohio 44120

  **Serve also:**
  Grifols USA, LLC
  c/o CT Corporation System
  4400 Easton Commons Way
  Suite 125
  Columbus, Ohio 43219

  -and-

BIOMAT USA, INCORPORATED
2840 East 116th Street
Cleveland, Ohio 44120

  **Serve also:**
  BioMat USA, Incorporated
  c/o CT Corporation System
  4400 Easton Commons Way
  Suite 125
  Columbus, Ohio 43219

JUSTIN SENITA
1101 East 23rd Street
Erie, Pennsylvania 16503

     Defendants.

CASE NO.

JUDGE:

**COMPLAINT FOR DAMAGES
AND REINSTATEMENT**

**JURY DEMAND ENDORSED
HEREIN**

  Plaintiff, Carlee Golphin, by and through undersigned counsel, as her Complaint against

the Defendants, states and avers the following:

Electronically Filed 04/14/2021 16:07 / / CV 21 946389 / Confirmation Nbr. 2227823 / CLDLJ

The Employee's Attorney.™



**PARTIES AND VENUE**

1. Golphin is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Grifols USA, LLC is a foreign limited liability company that operated a business located at 2840 East 116th Street, Cleveland, Ohio 44120.

3. BioMat USA, Incorporated is a foreign corporation that operated a business located at 2840 East 116th Street, Cleveland, Ohio 44120.

4. At all times material herein, Grifols USA, LLC and BioMat USA, Incorporated were joint employers of Golphin (collectively hereinafter referred to as "Plasma Care").

5. Plasma Care was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

6. Upon information and belief, Defendant Justin Senita is a resident of the state of Pennsylvania.

7. Senita was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Plasma Care who acted directly or indirectly in the interest of Plasma Care.

8. Senita was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

9. Senita made and/or participated in the adverse actions asserted herein.

10. All of the material events alleged in this Complaint occurred in Cuyahoga County.

11. Therefore, personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

12. Venue is proper pursuant to Civ. R. 3(C)(3)&(6).

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.



## **FACTS**

14. Golphin is African American.

15. Golphin is a former employee of Plasma Care.

16. Golphin began working for Plasma Care on or around September 18, 2017.

17. Plasma Care employed Golphin as a Phlebotomist.

18. Golphin had a strong history of performance with Plasma Care.

19. Golphin consistently received pay raises.

20. Golphin did not have any history of meaningful discipline.

21. Senita was Golphin's immediate supervisor.

22. Plasma Care employed Senita as an assistant manager.

23. Senita is Caucasian.

24. During all material events asserted herein, Senita has and/or had authority to hire, fire, and/or discipline employees.

25. Senita did not participate in the decision to hire Golphin.

26. On or around August 24, 2018, Golphin was involved in a car accident and suffered a concussion.

27. Due to suffering from her concussion, Golphin had an extreme sensitivity to light.

28. Golphin's condition constituted a physical impairment.

29. Golphin's condition substantially impaired one or more of her major life functions, including working.

30. Golphin's condition substantially impaired one or more of her major life functions, including seeing.

31. As a result of suffering from a concussion, Golphin was disabled.

32. Alternatively, Defendants perceived Golphin to be disabled.

The Employee's Attorney.<sup>TM</sup>



33. Despite any real or perceived disability, Golphin was capable of performing her essential job functions with or without reasonable accommodation(s).

34. After suffering from a concussion, Golphin took a medical leave from Plasma Care.

35. On or around October 22, 2018, Golphin returned to work at Plasma Care after her medical leave.

36. Golphin returned to work after medical leave with restrictions from her physician.

37. Upon returning from medical leave, Golphin informed Plasma Care of her restrictions.

38. Upon returning from medical leave, Plasma Care became aware of Golphin's disability.

39. Due to her light sensitivity, working on the floor with patients would cause her to become dizzy, nauseous, and lightheaded.

40. To mitigate her light sensitivity, Golphin requested to wear sunglasses while working.

41. After Golphin notified Plasma Care of her restrictions, Plasma Care placed Golphin in the office to perform light duty work instead of working with patients.

42. Plasma Care also allowed Golphin to wear sunglasses while working.

43. When Plasma Care placed Golphin in the office, she had enough work to complete a 40-hour work week.

44. It was reasonable to instruct Golphin to work in Plasma Care's office.

45. It was reasonable to allow Golphin to wear sunglasses while working.

46. It did not create an undue burden on Plasma Care for Golphin to work in the office.

47. It did not create an undue burden on Plasma Care for Golphin to wear sunglasses while working.

48. Despite her accommodations, Senita often pressured Golphin to return to working with patients.

49. Despite her accommodations, Senita often pressured Golphin to work without her sunglasses.

50. On or around February 18, 2019, Golphin returned to the floor to help setup patients.

51. Due to the intense lighting, Golphin became dizzy and sick.

The Employee's Attorney.™



52. Golphin asked her manager at that time, Shawn Last Name Unknown, if she could go home to get some medicine.

53. Shawn LNU allowed Golphin to leave.

54. On her way out of work, Golphin informed Senita that she was not feeling well and had to go home.

55. Golphin also informed Senita that Shawn LNU approved her going home.

56. Senita tried to prevent Golphin from going home by talking to her about attendance issues.

57. Senita did not try to prevent non-disabled employees from going home by talking about their attendance issues.

58. Alternatively, Senita did not try to prevent employees he did not perceive to be disabled from going home by talking about their attendance issues.

59. Senita did not try to prevent Caucasian employees from going home by talking about their attendance issues.

60. Senita tried to prevent Golphin from going home by talking to her about attendance issues due to her disability.

61. Alternatively, Senita tried to prevent Golphin from going home by talking to her about attendance issues because he perceived her to be disabled.

62. Senita tried to prevent Golphin from going home by talking to her about attendance issues because of her race.

63. Senita physically blocked Golphin from leaving by holding his arms stretched out to prevent her from leaving.

64. Senita did not physically block non-disabled employees from leaving by holding his arms stretched out to prevent them from leaving.



65. Alternatively, Senita did not physically block employees he did not perceive to be disabled from leaving by holding his arms stretched out to prevent them from leaving.

66. Senita did not physically block Caucasian employees from leaving by holding his arms stretched out to prevent them from leaving.

67. Senita physically blocked Golphin from leaving by holding his arms stretched out to prevent her from leaving because of her disability.

68. Alternatively, Senita physically blocked Golphin from leaving by holding his arms stretched out to prevent her from leaving because he perceived her to be disabled.

69. Senita physically blocked Golphin from leaving by holding his arm stretched out to prevent her from leaving because of her race.

70. During her employment, Tammi Sharper was not using proper procedure on the floor by not wearing sanitary gloves.

71. Sharper was Golphin's coworker.

72. Sharper is Caucasian.

73. Golphin asked Sharper to follow proper procedures on the floor and to wear sanitary gloves.

74. After Golphin asked Sharper to follow proper procedures on the floor and to wear sanitary gloves, Sharper smacked Golphin's butt.

75. Smacking someone on the butt is an assault.

76. Golphin reported the assault to Defendants.

77. Defendants had a duty to investigate the assault.

78. Upon information and belief, Defendants have a policy requiring investigations following receipt of a complaint of employee assault.

79. An investigation should include interviewing the complainant.

The Employee's Attorney.™



80. An investigation should include interviewing the subject of the complaint.

81. An investigation should include interviewing the subject of the reported incident.

82. An investigation should include interviewing witnesses to the reported incident.

83. An investigation should include getting a written statement from the complainant.

84. An investigation should include getting a written statement from the subject of the complaint.

85. An investigation should include getting a written statement from the subject of the reported incident.

86. In response to Golphin's complaint of employee assault, Defendants did not interview Sharper.

87. In response to Golphin's complaint of employee assault, Defendants did not get a written statement from Golphin.

88. In response to Golphin's complaint of employee assault, Defendants did not get a written statement from Sharper.

89. In response to Golphin's complaint of employee assault, Defendants did not take corrective action against Sharper.

90. Defendants ratified Sharper's conduct in failing to conduct an investigation into Golphin's employee assault complaint.

91. Defendants ratified Sharper's conduct in failing to discipline Sharper following Golphin's employee assault complaint.

92. During her employment, Leonard Philips threatened to physically harm Golphin.

93. Philips was Golphin's coworker.

94. Philips is Caucasian.

95. After Philips threatened to physically harm her, Golphin immediately notified Defendants.

The Employee's Attorney.™



96. Upon information and belief, Defendants have a policy requiring investigations following receipt of a complaint of employee threats.

97. Defendants failed to investigate Golphin's complaint regarding an employee threat.

98. Defendants failed to take corrective action against Philips following Golphin's complaint regarding an employee threat.

99. Defendants ratified Philips' conduct in failing to conduct an investigation into Golphin's complaint regarding an employee threat.

100. Defendants ratified Philips' conduct in failing to take corrective action against Philips following Golphin's complaint regarding an employee threat.

101. Upon information and belief, Defendants investigate complaints lodged by non-disabled employees.

102. Alternatively, upon information and belief, Defendants investigate complaints lodged by employees they do not perceive to be disabled.

103. Upon information and belief, Defendants investigate complaints lodged by Caucasian employees.

104. Defendants failed to investigate Golphin's complaints because of her disability.

105. Alternatively, Defendants failed to investigate Golphin's complaints because they perceived her to be disabled.

106. Defendants failed to investigate Golphin's complaints because of her race.

107. Upon information and belief, Defendants take corrective action following complaints lodged by non-disabled employees.

108. Alternatively, upon information and belief, Defendants take corrective action following complaints lodged by employees they do not perceive to be disabled.



109.    Upon information and belief, Defendants take corrective action following complaints lodged by Caucasian employees.

110.    Defendants failed to take corrective action following Golphin's complaints because of her disability.

111.    Alternatively, Defendants failed to take corrective action following Golphin's complaints because they perceived her to be disabled.

112.    Defendants failed to take corrective action following Golphin's complaints because of her race.

113.    On or around January 1, 2020, Defendants terminated Golphin's employment.

114.    Defendants terminated Golphin's employment because of her disability.

115.    Alternatively, Defendants terminated Golphin's employment because they perceived her to be disabled.

116.    Defendants terminated Golphin's employment because of her race.

117.    Upon information and belief, Defendants have a progressive disciplinary policy ("Progressive Discipline Policy").

118.    Defendants have used the Progressive Discipline Policy when disciplining non-disabled employees.

119.    Alternatively, Defendants have used the Progressive Discipline Policy when disciplining employees who they did not perceive to be disabled.

120.    Defendants have used the Progressive Discipline Policy when disciplining Caucasian employees.

121.    Under the Progressive Discipline Policy, Golphin had not received any meaningful discipline.

122.    Under the Progressive Discipline Policy, Golphin had not received any verbal warnings.

The Employee's Attorney.™



123. Under the Progressive Discipline Policy, Golphin had not received any written warnings.

124. Under the Progressive Discipline Policy, Golphin had not been suspended.

125. Defendants skipped steps under the Progressive Discipline Policy when they terminated Golphin's employment.

126. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

127. Skipping steps under the Progressive Discipline Policy is an adverse action.

128. Defendants intentionally skipped steps under the Progressive Discipline Policy when they terminated Golphin's employment.

129. Defendants willfully made the decision to skip steps under the Progressive Discipline Policy when they terminated Golphin's employment.

130. Terminating Golphin's employment was an adverse employment action.

131. Terminating Golphin's employment was an adverse action.

132. Defendants intentionally terminated Golphin's employment.

133. Defendants willfully made the decision to terminate Golphin's employment.

134. Defendants terminated Golphin's employment in violation of the Progressive Discipline Policy because of her disability.

135. Alternatively, Defendants terminated Golphin's employment in violation of the Progressive Discipline Policy because they perceived her to be disabled.

136. Defendants terminated Golphin's employment in violation of the Progressive Discipline Policy because of her race.

## COUNT I: DISABILITY DISCRIMINATION

137. Golphin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



138. Golphin suffered from a concussion.

139. Golphin's condition constituted a physical impairment.

140. Golphin's condition substantially impaired one or more of her major life activities, including working.

141. Golphin's condition substantially impaired one or more of her major life activities, including seeing.

142. As a result of suffering from a concussion, Golphin is disabled.

143. In the alternative, Defendants perceived Golphin as being disabled.

144. Defendants treated Golphin differently than other similarly-situated employees based on her disabling condition.

145. Alternatively, Defendants treated Golphin differently than other similarly-situated employees based on her perceived disabling condition.

146. On or about January 1, 2020, Defendant terminated Golphin's employment without just cause.

147. Defendants terminated Golphin's employment based her disability.

148. Alternatively, Defendants terminated Golphin's employment based her perceived disability.

149. Defendants violated R.C. § 4112.01 *et seq.* when it discharged Golphin based on her disability.

150. Alternatively, Defendants violated R.C. § 4112.01 *et seq.* when it discharged Golphin based on her perceived disability.

151. Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Golphin based on her disabling condition.

152. Alternatively, Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Golphin based on her perceived disabling condition.

The Employee's Attorney.™



153. Golphin suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

154. As a direct and proximate result of Defendants' conduct, Golphin suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: RACE DISCRIMINATION

155. Golphin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

156. Throughout her employment, Golphin was fully competent to perform her essential job duties.

157. Defendants treated Golphin differently than other similarly situated employees based on her race.

158. Defendants violated R.C. § 4112.01 *et seq*. by discriminating against Golphin due to her race.

159. On or about January 1, 2020, Defendants terminated Golphin without just cause.

160. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

161. Defendants terminated Golphin based on her race.

162. Defendants violated R.C. § 4112.01 et. seq. when they terminated Golphin based on her race.

163. Golphin suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

164. As a direct and proximate result of Defendants' conduct, Golphin has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Golphin demands from Defendants the following:



(a) Issue an order requiring Defendants to restore Golphin to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Golphin for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Golphin claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.


Respectfully submitted,


_____
Daniel S. Dubow (0095530)
Taurean J. Shattuck (0097364)
**The Spitz Law Firm, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email:  daniel.dubow@spitzlawfirm.com
           taurean.shattuck@spitzlawfirm.com


*Attorneys For Plaintiff*

The Employee's Attorney.™



## <u>JURY DEMAND</u>

Plaintiff Carlee Golphin demands a trial by jury by the maximum number of jurors permitted.

_____

Daniel S. Dubow (0095530)
Taurean J. Shattuck (0097364)





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

# Court of Common Pleas

**New Case Electronically Filed: SERVICE REQUEST**
**April 14, 2021 10:07**

By: DANIEL S. DUBOW 0095530

Confirmation Nbr. 2227923

CARLEE GOLPHIN                                        CV 21 946389

vs.

GRIFOLS USA, LLC, ET AL                      **Judge:** KATHLEEN ANN SUTULA

**Pages Filed:** 1



## Common Pleas Court of Cuyahoga County, Ohio
### Nailah K. Byrd, Clerk of Courts

## INSTRUCTIONS FOR SERVICE

Carlee Golphin
Plaintiff(s)

Case Number _____

Judge: _____

Vs.

Grifols USA, LLC
Defendants(s)

Date: _____

Method of Service Requested:

Certified Mail Service ✔ Ordinary Mail Service ☐ Federal Express Service ☐

Personal Service by the Sheriff of _____ County ____

Residence Service by the Sheriff of _____ County ____

Personal Service By Process Server _____

Residence Service by Process Server _____

Name(s) and Address(es) of Parties to Serve:

Grifols USA, LLC., 2840 East 116th Street Cleveland, Ohio 44120

Grifols USA, LLC c/o CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, Ohio 43219

BioMat USA, Incorporated, 2840 East 116th Street Cleveland, Ohio 44120

Justin Senita, 1101 East 23rd Street Erie, Pennsylvania 16503

Additional Instructions:

Also Serve : BioMat USA, Incorporated c/o CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, Ohio 43219

Filing Party Name: Daniel S, Dubow    Supreme Court ID if applicable: 0095530

Phone Number: 216-291-4744

*For Use by Sheriff or Process Server Only*

Number of Service Attempts: _____

Electronically Filed 04/14/2021 16:07 / / CV 21 946368 / Confirmation Nbr. 2227923 / CLDLJ

| **CASE NO.** | | **SUMMONS NO.** |
|---|---|---|
| CV21946389 | D1 CM | 44164978 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

|  | |
|---|---|
| CARLEE GOLPHIN | **PLAINTIFF** |
| **VS** | |
| GRIFOLS USA, LLC, ET AL | **DEFENDANT** |

**SUMMONS**

GRIFOLS USA, LLC
2840 EAST 116TH STREET
CLEVELAND OH 44120

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left).

**Plaintiff's Attorney**

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

KATHLEEN ANN SUTULA
**Do not contact judge. Judge's name is given for
attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| **DATE SENT** |
|---|
| Apr 14, 2021 |

By _____
Deputy

COMPLAINT FILED   04/14/2021



**UNITED STATES**
**POSTAL SERVICE**℠

Date Produced: 04/19/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 5706 35. Our records indicate that this item was delivered on 04/16/2021 at 02:46 p.m. in CLEVELAND, OH 44120. The scanned image of the recipient information is provided below.

Signature of Recipient :

2004

COVID-19

Address of Recipient :

2840 E 116th
str

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Sent To:  2840 EAST 116TH STREET  CLEVELAND, OH 44120

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946389 | D1 CM | 44164979 |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
|---|---|
| CARLEE GOLPHIN | **PLAINTIFF** |
| **VS** | |
| GRIFOLS USA, LLC, ET AL | **DEFENDANT** |

**SUMMONS**

```
GRIFOLS USA, LLC
C/O CT CORPORAITON SYSTEM
4400 EASTON COMMMONS WAY SUITE 125
COLUMBUS OH 43219-0000
```

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

```
DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000
```

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

```
KATHLEEN ANN SUTULA
```
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 14, 2021 |

By _____
Deputy



COMPLAINT FILED    04/14/2021

CMSN130

# UNITED STATES
## POSTAL SERVICE™

Date Produced: 04/19/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 5706 42. Our records indicate that this item was delivered on 04/16/2021 at 11:49 a.m. in COLUMBUS, OH 43224. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

**SUMMONS IN A CIVIL ACTION  COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946389 | D2 CM | 44164980 |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
|---|---|
| CARLEE GOLPHIN **VS** GRIFOLS USA, LLC, ET AL | **PLAINTIFF** **DEFENDANT** |

**SUMMONS**

BIOMAT USA, INCORPORATED
2840 EAST 116TH STREET
CLEVELAND OH 44120

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left).

Plaintiff's Attorney

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

KATHLEEN ANN SUTULA
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 14, 2021 |

By 

Deputy

COMPLAINT FILED  04/14/2021

CMSN130

Date Produced: 04/19/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 5706 66. Our records indicate that this item was delivered on 04/16/2021 at 02:46 p.m. in CLEVELAND, OH 44120. The scanned image of the recipient information is provided below.

Signature of Recipient :

2004

COVID-19

Address of Recipient :

2840 E116th
str

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946389 | D2 CM | 44164981 |

Rule 4 (B) Ohio

Rules of Civil Procedure

|  |  |
|---|---|
| CARLEE GOLPHIN | **PLAINTIFF** |
| **VS** | |
| GRIFOLS USA, LLC, ET AL | **DEFENDANT** |

# SUMMONS

BIOMAT USA, INCORPORATED
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS OH 43219-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left).

**Plaintiff's Attorney**

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

KATHLEEN ANN SUTULA
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 14, 2021 |

By 

Deputy

COMPLAINT FILED   04/14/2021

CMSN130

**UNITED STATES POSTAL SERVICE**

Date Produced: 04/19/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 5706 80. Our records indicate that this item was delivered on 04/16/2021 at 11:49 a.m. in COLUMBUS, OH 43224. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:   Case   CV21 946389

CV21946389 R44164981 / RIOMAT USA, INCORPORATED 6/23/2021 05:13
Sent To:  C/O CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY, SUITE 125 COLUMBUS, OH 432190000

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| **CASE NO.** | | **SUMMONS NO.** |
|---|---|---|
| CV21946389 | D3 CM | 44164982 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| | |
|---|---|
| CARLEE GOLPHIN | **PLAINTIFF** |
| **VS** | |
| GRIFOLS USA, LLC, ET AL | **DEFENDANT** |

# SUMMONS

JUSTIN SENITA
1101 EAST 23RD STREET
ERIE PA 16503

**You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.**

**You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.**

**Said answer is required to be served on:**



**Plaintiff's Attorney**

DANIEL S. DUBOW
25200 CHAGRIN BLVD., SUITE 200

BEACHWOOD, OH 44122-0000

**Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)**

**Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.**

**If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.**

**Case has been assigned to Judge:**

KATHLEEN ANN SUTULA
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| **DATE SENT** |
|---|
| Apr 14, 2021 |

By _____
Deputy



COMPLAINT FILED    04/14/2021

CMSN130

![USPS UNITED STATES POSTAL SERVICE logo]

Date Produced: 04/26/2021

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3544 5707 03. Our records indicate that this item was delivered on 04/20/2021 at 02:13 p.m. in ERIE, PA 16515. The scanned image of the recipient information is provided below.

Signature of Recipient :

Justin Sonita

Address of Recipient :

1101 E 23RD ST
ERIE, PA 16503-2302

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.